IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 1 6 2007

DAVID J. MALAND, CLERK
DEPUTY_____

| | | |
|---|---|---|
| AUBREY CLARK AND WIFE, KELLY CLARK | § § § | CIVIL ACTION NO. _____ 2:07CV191 |
| VS. | § § | |
| KELLOGG BROWN & ROOT, LLC, BROWN & ROOT, INC n/k/a KELLOGG BROWN & ROOT, LLC, KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. and HALLIBURTON COMPANY | § § § § § § § | Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure - ADMIRALTY |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, AUBREY CLARK and wife, KELLY CLARK, Plaintiffs, complaining of KELLOGG BROWN & ROOT, LLC, BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC, KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. and HALLIBURTON COMPANY, Defendants, and, for cause of action, would respectfully show unto this Honorable Court the following:

I.

Plaintiffs, AUBREY CLARK, and wife, KELLY CLARK, are citizens and residents of the Eastern District of Texas.

Defendant, **KELLOGG BROWN & ROOT, LLC**, is a corporation with its principal place of business in the Southern District of Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

Defendant, **BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC**, is a corporation with its principal place of business in the Southern District of Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

Defendant, **KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC.**, is a corporation with its principal place of business in the Southern District of Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

Defendant, **HALLIBURTON COMPANY**, is a corporation with its principal place of business in the Southern District of Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

II.

This is a case of admiralty and maritime jurisdiction, brought pursuant to 28 U.S.C. § 1333, the general maritime law and the Jones Act 46 U.S.C. § 30104, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h), and is brought pursuant to Rule 9(h).

III.

Venue is proper in Federal District Court in the Eastern District of Texas pursuant to the admiralty and maritime laws of the United States, Rule 82 FRCP. Plaintiffs are residents of the Eastern District of Texas.

IV.

Plaintiff is an American seaman and brings this action pursuant to 46 U.S.C. § 30104 and pursuant to the 28 U.S.C. § 1333 and the general maritime law of the United States. As such, pursuant to 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefore.

V.

At all material times hereto, Defendants' were the owners and/or operators of the vessels on which Plaintiff was injured. These vessels, including but not limited to the George R. Brown, the Foster Parker and the H.A. Lindsey, were operating on the navigable waters of the United States of America.

VI.

At all material times hereto, Plaintiff was an employee of Defendants', acting within the course and scope of his employment as a seaman and in the service of Defendants' vessels.

VII.

From approximately 1971 through 1977, Aubrey Clark was performing his regular duties while in the service of Defendants' vessels and was exposed to benzene. As a result of his exposure to benzene, he developed a form of cancer known as Acute Myelogenous Leukemia (AML). Said cancer was caused in whole or in part by the

negligence of the Defendants, their agents, servants and/or employees and/or was legally caused by the unseaworthiness of the vessel.

VIII.

From approximately 1971 through 1977, Aubrey Clark was working as a member of the crews of the vessels owned and operated by Defendants. While Plaintiff was performing duties in the vessels' service, he was exposed to benzene. On or about April 10, 2006, Plaintiff was diagnosed with AML. Said Defendants failed in their duty to provide Plaintiff with a safe and seaworthy vessels on which to work.

IX.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily illness/injuries as described above. As a result of said illness/injuries, Plaintiff has suffered physical pain, mental anguish and permanent physical impairment, in reasonable medical probability, will continue to do so for the balance of his natural life. As a result of the foregoing illness/injuries, the Plaintiff has suffered a loss of wages in the past, and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

X.

Plaintiff would show that in the above-mentioned time period, he was injured while in the service of the Defendants' vessels. As a result, Defendants had, and continue to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance

and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties continue. Defendants have denied payment and/or have unreasonably delayed payment for maintenance and cure. As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of this condition caused by Defendants' failure, attorney's fees and punitive damages for which he now sues, in addition to all other relief sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants, for all costs of Court, and for all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77701
(409) 835-6000 phone
(409) 838-8888 fax

By: _____
J. Keith Hyde
State Bar No. 10370250
Zona Jones
State Bar No. 10887600

&

Ernest Cannon
State Bar No. 03746000

505 N. Graham  
Stephenville, Texas 76401  
(254) 918-1006 phone  
(254) 918-2005 fax

ATTORNEYS FOR PLAINTIFFS