IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUBREY CLARK AND WIFE, | § | |
| KELLY CLARK | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-191 |
| | § | (Judge T. John Ward) |
| | § | |
| KELLOGG BROWN & ROOT, LLC, et al | § | |
| *Defendants* | § | |
| | § | |

### DEFENDANTS' MOTION TO TRANSFER VENUE, MOTIONS TO DISMISS, AND ORIGINAL ANSWER, SUBJECT THERETO

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; KBR, INC. d/b/a KELLOGG BROWN & ROOT, INC (hereinafter collectively referred to as KBR or Defendant) and files this Motion to Transfer, Motion to Dismiss the Claims of Plaintiff Kelly Clark and Original Answer, Subject thereto.

### I.   MOTION TO TRANSFER VENUE

1.1. Plaintiffs are Aubrey and Kelly Clark, residents of Grapeland, Texas which is located in the Eastern District of Texas, but served by the Lufkin Division.

1.2. KELLOGG BROWN & ROOT, LCC is a Delaware corporation with its principal place of business in Houston in the Southern District of Texas.

1.3. BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC is a Delaware corporation with its principal place of business in Houston in the Southern District of Texas.

1.4. KBR, INC. is a Delaware corporation. KBR, Inc. is a holding company and specifically denies that it is a proper party to this lawsuit.

1.5. Plaintiffs sued Defendant in the Eastern District of Texas for personal injury under the Jones Act, 46 U.S.C. § 30104, and under the general maritime and admiralty jurisdiction of the Court pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. Proc. 9(h) claiming personal injury as a result of Aubrey Clark's work as a seaman and employee of KBR.

1.6. Venue is inconvenient for the parties in the Eastern District. Venue is more convenient in the Southern District of Texas, Houston Division; therefore, this Court should transfer the suit to the Southern District of Texas, Houston Division.

1.7. The Court may transfer a suit to any other district or division where it could have been filed for the convenience of the defendant or its witnesses and in the interests of justice. 28 U.S.C. § 1404(a). The trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004). *See also Peteet v. Dow Chem. Co.*, 868 F.2d 1428 (5th Cir. 1989). The relevant factors to be taken into consideration in making the assessment include:

>   (a) the availability and convenience of witnesses and parties;
>   (b) the location of sources of proof;
>   (c) the place of the alleged wrong;
>   (d) the community's nexus to the alleged wrong;
>   (e) the cost of obtaining the attendance of witnesses;
>   (f) the possibility of delay or prejudice if transfer is granted;
>   (g) the plaintiff's choice of forum; and
>   (h) the location of counsel.

*Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925 (E.D. Tex. 1999). The Court should grant KBR's motion to transfer for the following reasons:

 a. **Availability and convenience of witnesses.** A transfer to another district will be more convenient for Defendant's key witnesses. 28 U.S.C. § 1404(a); *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757 (E.D. Tex. 2000); *Gardipee*, 49 F. Supp. 2d at 925. Typically, the most important of the factors used in determining a § 1404(a) transfer is whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer. *See Mohamed,* 90 F. Supp. 2d at 757. The following witnesses will likely be called at trial:

 1) John Hodges, a corporate representative of Defendant, resides and works in or around Houston, Texas.

 2) Carl Richardson, a corporate representative of Defendant, resides and works in or around San Antonio, Texas. San Antonio is 195 miles from Houston, but approximately 350 miles from Marshall.[1]

 3) Dr. Ethan Natelson, an expert witness retained by KBR, resides and works in or around Houston, Texas.

 4) Dr. Shanna Collie, an expert witness retained by KBR, resides and works in Boerne, Texas. Boerne is approximately 215 miles from Houston, Texas, but approximately 360 miles from Marshall, Texas.

 5) Dr. Deborah Thomas, Aubrey Clark's treating physician at M.D. Anderson Cancer Center, resides and works in or around Houston, Texas.

---

[1] All mileage estimates are taken from the electronic mileage guide adopted under Tex. Gov't Code Ann. §660.043(c) (Vernon Supp. 2004) and run by the Texas Comptroller of Public Accounts at http://ecpa.cpa.state.tx.us/mileage/Mileage.jsp.

6) Dr. Frank Gardner, an expert witness retained by Plaintiffs, resides and works in or around Galveston, Texas. Galveston is approximately 50 miles from Houston, but approximately 270 miles from Marshall, Texas.

7) Frank Parker, an expert witness retained by Plaintiffs, resides and works in or around Magnolia, Texas. Magnolia is approximately 40 miles from Houston, but approximately 210 miles from Marshall, Texas.

8) Further, since his diagnosis of acute myelogenous leukemia, Plaintiff Aubrey Clark has been residing in Houston, Texas, while being treated at MD Anderson Cancer Center. All of the records, custodians, treating physicians and staff at MD Anderson Cancer are located in or near Houston, Texas.

9) Finally, there are co-workers of Aubrey Clark and other fact witnesses that may testify at trial who reside in and around the Houston metropolitan area.

Transfer to the Southern District of Texas, Houston Division, would make all of these witnesses' attendance at trial more convenient, more economical and more efficient for both parties.

    b. **Availability and convenience of the parties**. Defendant KBR, Inc. has its principal place of business in the Houston which is served by the Southern District of Texas – Houston Division. Plaintiffs are residents of Grapeland, Texas in Houston County which is in the Eastern District of Texas, but is served by the Lufkin Division. Further, Grapeland, Texas, is nearly equidistant from Marshall and Houston. Grapeland, Texas is approximately 106 miles from Marshall, Texas, while Grapeland is approximately 128 miles from Houston, Texas.

The present forum is inconvenient for the Defendant, and Plaintiffs will not be inconvenienced by the transfer. *Dupre v. Spanier Marine Corp.,* 810 F. Supp. 823 (5th Cir. 1994); *Mohamed*, 90 F. Supp. 2d at 757; *Gardipee*, 49 F. Supp. 2d at 925. Defendant's principal place of business is in the Southern District of Texas, Houston Division, thus making it more convenient to defend itself in that forum. The transfer would not inconvenience the Plaintiffs because their residence is nearly equidistant from the two forums at issue.

    c. **Place of the alleged wrong.** Aubrey Clark claims his injuries were caused while doing work at sea in the Gulf of Mexico. This case should be transferred because the majority of the land-based actions complained of occurred in the Southern District of Texas. *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392 (5th Cir. 1992); *Mohamed,* 90 F. Supp. 2d at 757; *Gardipee,* 49 F. Supp. 2d at 925. Aubrey Clark allegedly departed from Texas ports in Galveston, Aransas Pass, Orange, Port Aransas, and Freeport. Of those locales, all the ports but Orange are located in the Southern District of Texas. Regardless, all are closer to the Southern District than the current forum of Marshall which has little to no interest in a claim involving an occupational injury alleged to have occurred off of the Gulf Coast. In fact, on June 26, 2006, Plaintiffs originally filed a case against KBR, based on the same facts and alleging nearly identical causes of action, in a state court in Matagorda County, Texas, the county seat of which is approximately 291 miles from Marshall, Texas. Matagorda County is in the Southern District of Texas. Plaintiffs voluntarily dismissed the suit just prior to trial based on Defendants' challenge to venue in Matagorda County and to avoid possible transfer of the state court case to Harris County, Texas.

d. **Community nexus of the alleged wrong.** This Court should consider the local interest in adjudicating local disputes. *Mohamed,* 90 F. Supp. 2d at 757. The Defendant, Plaintiff's employer, has its primary place of business in the Southern District of Texas. A potential forum has a vested interest in providing a place for a local employer to argue its case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The Southern District, therefore, has great interest in providing a forum for a local employer to argue its case. On the other hand, neither party has any connection to the Marshall Division forum.

e. **Plaintiff's choice of forum.** While the plaintiff's forum choice should be given substantial deference, it is entitled to less weight when the plaintiff does not reside in the forum. *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105 (S.D. Tex. 1997). While Plaintiffs do live in the Eastern District of Texas, they do not live in any county served by the Marshall Division. Houston County lies within the Eastern District of Texas, but is served by the Lufkin Division. Thus, this factor weighs only slightly in favor of retention. *Id.*; *Dupre,* 810 F. Supp. at 823 (5th Cir. 1994).

f. **Possibility of delay or prejudice.** A trial court should consider the possibility of delay and prejudice should a transfer be granted. *Mohamed*, 90 F. Supp. 2d at 757. No trial date has been scheduled in this case assuring that little, if any, prejudice would come to either party should this Court grant the transfer.

g. **Location of counsel.** This Court should consider the location of counsel in determining a § 1404(a) transfer, although this factor is usually entitled to the least weight of all the factors to be considered. *Gardipee*, 49 F. Supp. 2d at 925. Counsel for Plaintiffs has its primary offices in Beaumont, Texas, which is nearly 200 miles from Marshall, Texas. Counsel for Defendant has offices in Beaumont and Houston. The

proximity of the attorneys involved to the Houston Division of the Southern District of Texas, coupled with all other factors, makes litigation for both parties more convenient in that forum.

1.8. Accordingly, Defendant respectfully prays that this Court, for the convenience of the parties, enter an Order transferring this case to the Southern District of Texas – Houston Division.

## II.    MOTION TO DISMISS CLAIMS OF PLAINTIFF KELLY CLARK UNDER FED. R. CIV. PROC. 12(b)(6)

2.1. All of the previous paragraphs are incorporated herein.

2.2. In Plaintiffs' Original Complaint, Plaintiff Kelly Clark failed to state a claim upon which relief can be granted and all of her claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.3. In the Original Complaint, Plaintiffs do not state the specific claims or any basis for relief as to Plaintiff Kelly Clark.

2.4. Kelly Clark is the spouse of Aubrey Clark, the allegedly injured seaman/employee in this case. Given the facts alleged in the complaint, Plaintiff Kelly Clark is not a seaman under the Jones Act or the general maritime law of the United States and she cannot maintain any independent cause of action. 46 U.S.C. 30104; *Desper v. Starved Rock Ferry Co.*, 342 U.S. 187 (1952); *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir. 1986).

2.5. Further, Plaintiff Kelly Clark is not entitled to damages for any causes of action derivative of Aubrey Clark's claims such as loss of consortium or loss of household services. *See Miles v. Apex Marine Corp.,* 498 U.S. 19, 32 (1990); *Murray v. Bertucci Const. Co., Inc.,* 958 F.2d 127, 131 (5th Cir.1992), *cert. denied,* 506 U.S. 865;

*Michel v. Total Transp., Inc.,* 957 F.2d 186, 191 (5th Cir.1992); *Holman v. Applied Drilling Tech., Inc.,* Cause No. H-05-3830, 2007 WL 173302, at *3 (S.D. Tex. January 18, 2007)*; Reynolds v. Zapata Off-Shore Co.,* 796 F. Supp. 1015, 1016 n. 1 (S.D. Tex. 1992).

2.6. Even if Plaintiffs proved all the facts alleged in their complaint as true, Plaintiff Kelly Clark cannot recover damages for any claim related thereto.  Because she fails to state a claim upon which relief can be granted, the Court should dismiss all claims by Plaintiff Kelly Clark.

### III.    MOTION TO DISMISS ALL CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES UNDER FED. R. CIV. PROC. 12(b)(6)

3.1. All of the previous paragraphs are incorporated herein.

3.2. In their Original Complaint, Plaintiffs fail to state a claim for which punitive damages and attorneys' fees can be granted.

3.3. Punitive damages are not recoverable in admiralty cases, under the general maritime law or in a Jones Act cause of action.  *See Guevera v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), *cert denied,* 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996).   Plaintiffs' damages are limited to those involving pecuniary loss. *See id.*; *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667-68 (5th Cir. 2004).

3.4. Further, Plaintiffs have not pleaded facts sufficient to entitle them to any recovery of attorneys' fees.

3.4. Even if Plaintiffs proved all of the facts alleged in their complaint as true, they are not entitled to recover punitive damages or attorneys' fees under the causes of action they pleaded in their Original Complaint.  Because they fail to state a claim upon

which relief can be granted, the Court should dismiss all of Plaintiffs' claims for punitive damages and attorneys' fees.

## IV.   ORIGINAL ANSWER

4.1. All of the previous paragraphs are incorporated herein and the following Answer is made subject thereto and without waiving the same.

4.2. Answering Defendant denies that Halliburton Company is a proper party to this lawsuit. Answering Defendant further denies that KBR, Inc., as a holding company, is a proper party to this lawsuit. Answering Defendant admits all other allegations in Paragraph I of Plaintiffs' Original Complaint.

4.3. As to Paragraph II, Answering Defendant admits only that Plaintiffs have brought suit pursuant to the Jones Act and general maritime law of the United States. Answering Defendant denies all other allegations in Paragraph II.

4.4. As to Paragraph III, Answering Defendant admits that this Court has admiralty and maritime jurisdiction as a result of 28 U.S.C. § 1333. Answering Defendant specifically denies that venue is proper in this Court and further incorporates its Motion to Transfer Venue.

4.5. As to Paragraph IV, Answering Defendant admits only that Plaintiffs have brought suit pursuant to the Jones Act and general maritime law of the United States. Answering Defendant denies all other allegations in Paragraph IV.

4.6. As to Paragraph V, Answering Defendant admits only that it was the owner and/or operator of the vessels George R. Brown, the Foster Parker and the H.A. Lindsay during the relevant time periods of Plaintiffs' claims. Answering Defendant specifically

denies that Plaintiff Aubrey Clark was injured aboard Defendant's vessels. Further, Answering Defendant denies all other allegations in Paragraph V.

4.7. As to Paragraph VI, Answering Defendant admits that Aubrey Clark was an employee of Defendant from 1971 to 1987 as a seaman in the service of Defendants' vessels. Answering Defendant denies all other allegations in Paragraph VI.

4.8. Answering Defendant denies each of the allegations contained in Paragraph VII. Defendant specifically denies that Plaintiff Aubrey Clark was exposed to benzene while in the service of Defendant's vessels; that Plaintiff Aubrey Clark's cancer was caused by exposure to benzene; that Defendant was negligent; that Defendant's vessels were unseaworthy; and that Defendant is liable, in any way, for Aubrey Clark's injuries, if any.

4.9. As to Paragraph VIII, Answering Defendant admits that Aubrey Clark worked as a member of certain of Defendants' vessels during at least parts of the years 1971 through 1977. However, Answering Defendant denies each of the other allegations contained in Paragraph VIII. Defendant specifically denies that Aubrey Clark was exposed to benzene while in the service of Defendant's vessels; that Plaintiff Aubrey Clark's cancer was caused by exposure to benzene; that Defendant's vessels were unsafe or unseaworthy; and that Defendant is liable, in any way, for Plaintiffs' injuries, if any.

4.10. Answering Defendant denies each of the allegations contained in Paragraph IX. Defendant specifically denies that any conduct by Defendants caused any illness or injury to Aubrey Clark; that Plaintiff Aubrey Clark is entitled to damages for loss of wages in the past, loss of capacity to work and earn money in the future, or impairment of earning capacity; that Plaintiff Aubrey Clark is entitled to maintenance or cure; that

Plaintiff Aubrey Clark is entitled to any other claimed damages; that Plaintiff Aubrey Clark has incurred the claimed medical expenses in the past; and that Defendant is liable, in any way, for Plaintiffs' injuries, if any.

4.11. Answering Defendant denies each of the allegations contained in Paragraph X. Defendant specifically denies that that Aubrey Clark was injured while in the service of Defendant's vessels; that Aubrey Clark is entitled to maintenance and cure; or that Defendant has unreasonably denied or delayed payment of maintenance and cure. Further, Defendant specifically denies that Plaintiffs are entitled to attorneys' fees or an award for punitive damages. Defendant denies Plaintiffs' allegations that Defendant was unreasonable, arbitrary, capricious, willful, callous or persistent as to the payment of maintenance and cure.

## V.  AFFIRMATIVE DEFENSES

5.1. Plaintiff Aubrey Clark was contributorily negligent. If Defendant is found liable to Plaintiffs, which it expressly denies, any recovery should be reduced proportionate to their share of fault or failure to mitigate. *See Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir. 1989), *aff'd sub nom. Miles*, 498 U.S. at 19.

5.2. To the extent that Plaintiffs sustained any damages, such damages were caused by the fault of other parties for whom Defendant is not responsible.

5.3. Defendant also asserts that Plaintiffs' alleged injuries, if any, are solely and/or partially the result of subsequent bodily conditions or injuries, for which Defendant is not responsible.

5.4. Defendant further asserts that, even if Plaintiffs were entitled to the recovery of punitive damages or attorneys' fees, Plaintiffs have waived such claims because they

have not pleaded or otherwise shown that any claim for maintenance and cure was presented and/or that after presentment, such claim was denied or delayed.

5.5. Defendant further asserts that Plaintiff Aubrey Clark has claimed or will claim that he has incurred certain medical expenses in relation to his illnesses and injuries. Defendant asserts that, if Defendant is found liable to Plaintiffs for damages or maintenance and cure, which it expressly denies, Plaintiffs are not entitled to the total amount of claimed damages because they neither paid nor incurred all of the expenses alleged. *See Jauch v. Nautical Svcs, Inc.*, 470 F.3d 207, 214 (5th Cir. 2006).

WHEREFORE, premises considered, Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; KBR, INC. d/b/a KELLOGG BROWN & ROOT, INC request judgment of the Court that Plaintiffs take nothing by this suit, and that they have such other and further relief to which it may be justly entitled.

        Respectfully submitted,

By: _____/s/_____
M.C. Carrington
Attorney in Charge
Texas State Bar No. 03880800
James G. Martingano
Texas State Bar No. 00791194
**MEHAFFYWEBER, PC**
One Allen Center
500 Dallas, Suite 1200
Houston, Texas 77002
Phone – 713-655-1200
Fax – 713-655-0222
mccarrington@mehaffyweber.com
jamesmartingano@mehaffyweber.com

        Attorneys for Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC.; and KBR, INC.

### **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and correct copy of the foregoing Motion was served via CM/ECF for the Eastern District of Texas, this 3rd day of August, 2007.

        _____/s/_____
        James G. Martingano