IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUBREY CLARK AND WIFE, § <br> KELLY CLARK § <br> § <br> VS. § <br> § <br> KELLOGG BROWN & ROOT, LLC, § <br> BROWN & ROOT, INC n/k/a KELLOGG § <br> BROWN & ROOT, LLC, KBR, INC. § <br> d/b/a KELLOGG BROWN & ROOT § <br> (KBR), INC. and HALLIBURTON § <br> COMPANY § | CIVIL ACTION NO. 2:07-cv-191 <br> (Judge John T. Ward) <br> <br> <br> <br> <br> <br> <br> Pursuant to Rule 9(h) of <br> the Federal Rules of <br> Civil Procedure - ADMIRALTY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW, AUBREY CLARK and wife, KELLY CLARK, Plaintiffs, and file this response in opposition to the Motions to Dismiss filed by Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; and KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. (collectively referred to herein as KBR or Defendant), and would respectfully show the following:

**I. INTRODUCTION**

As set out in Plaintiffs Complaint, Plaintiffs brought this suit under the Jones Act and general maritime law alleging that Aubrey Clark was exposed to benzene while working on Defendant's barges in the Gulf of Mexico from 1971 through 1977, and as a result he developed a form of cancer known as Acute Myelogenous Leukemia (AML), with which he was diagnosed in April of 2006. Defendant has filed motions to dismiss certain of Plaintiffs' claims under Rule 12(b)(6). For the reasons set out below, Plaintiffs request that Defendant's Motions be denied.

## II. RULE 12(b)(6) STANDARD

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Dismissal of a complaint pursuant to Rule 12(b)(6) is proper only if the pleadings on their face reveal beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief, or if an affirmative defense or other bar to relief appears on the face of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, (1957); *Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991). Moreover, the Court must assume that the allegations in plaintiff's complaint are true, and must resolve any doubt regarding the sufficiency of plaintiff's claims in his favor. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993). When presented with a motion to dismiss for failure to state a claim, the district court must examine the complaint to determine if the allegations provide relief on *any* plausible theory. 5A Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357, p. 298 (1990). The Court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *accord Hughes v. Rowe*, 449 U.S. 5, 10, 101 S. Ct. 173 (1980) (complaint should only be dismissed if it appears beyond doubt that plaintiff can not prove facts). *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (beyond doubt standard). During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974); *see also Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 205 (5th Cir.), *cert.* denied, 514 U.S. 1017 (1994) (quoting *Scheuer*).

If a plaintiff's theory of liability is novel or untested, that is all the more reason to deny 12(b)(6) dismissal. The Fifth Circuit has observed that "it is perhaps ironic that the more extreme or

even far fetched is the asserted theory of liability, the more important it is that the conceptual legal theories be explored and assayed in the light of actual facts, not a pleader's suppositions." *Shull v. Pilot Life Ins. Co.*, 313 F.2d 445, 447 (5th Cir. 1963); *see also* Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357, p. 341-43 (West 1990).

The exacting standards governing Rule 12(b)(6) motions must be considered in light of the liberal pleading requirements of Rule 8(a). In what has been characterized as a "seminal pleading case," the Supreme Court reminded lower courts that, in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 998 (2002), *quoting* FED R. CIV. P. 8(a)(2). This simplified pleading standard applies to all civil actions. *Id.*, 122 S. Ct. at 998. Except in a limited set of cases,[1] a plaintiff is not required to plead facts supporting each and every element of his claim or legal theory. *Id.* Rather, a complaint is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id., quoting Conley v. Gibson*, 355 U.S. at 47; *see also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (interpreting *Swierkiewicz* to mean that "[a] complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts"); *Greenier v. Pace, Local No. 1188*, 201 F. Supp. 2d 172, 2002 U.S. Dist. LEXIS 7384, 2002 WL 731714 at *1 (D. Me. Apr. 23, 2002) ("*Swierkiewicz* clearly indicates that it is not fatal to plaintiff's case that some of his allegations at this stage may be legal conclusions rather than facts."). Liberal discovery rules and summary judgment motions,

---

[1] These exceptions are found in Rule 9(b), which provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b).

not motions to dismiss, should be used to define disputed facts and issues and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512.

Wright and Miller sum it up as follows:

> As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insurmountable bar to relief. In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim.

5A Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357, p. 344-45.

### III. ARGUMENT AND AUTHORITIES

#### A. KELLY CLARK'S CLAIMS

Prior to *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), the Fifth Circuit had allowed a Jones Act seaman's spouse to recover for loss of services as an element of loss of consortium under general maritime law. *See Cruz v. Hendy Int'l Co.*, 638 F.2d 719 (5th Cir. 1981). The Fifth Circuit explained that the pecuniary element is the loss of the services that would have been furnished by the injured spouse, but not loss of support provided by the injured spouse because the injured person is entitled to recover loss of future wages and these are as available for the non-injured spouse's support as if the injury had not occurred. *Id.* at 722.

After *Miles*, the Fifth Circuit revisited *Cruz*, and without expressly considering the pecuniary aspects of the loss of society claim, stated, "we find that *Miles* has so undercut *Cruz*'s foundations as to overrule it or render its precedential value meaningless." *Murray v. Anthony J. Bertucci Constr. Co.*, 958 F.2d 127, 130 (5th Cir. 1992). Regarding the uniformity principle set out in *Miles*, the court in *Murray* states: "This reasoning applies with equal force to a seaman's claim for injuries. As a result, the Jones Act limits a seaman's recovery for injury to pecuniary losses and precludes any recovery for nonpecuniary losses, such as loss of society." *Id.* at 131. Note that Murray says nothing about the non-pecuniary aspects of a seaman's spouse's claim,

nor is there anything in the court's reasoning that would indicate that such claims would be affected. Similarly, in *Michel v. Total Transp., Inc.*, 957 F.2d 186, 191 (5th Cir. 1992), in which the Fifth Circuit stated that post-*Miles* a seaman's spouse had no claim for loss of consortium, the Court failed to consider the pecuniary elements of the claim set out in *Cruz*. Since nothing in *Miles* suggests that there is any limitation on the recovery of pecuniary damages by the spouse of an injured seaman, the pecuniary "loss of services" element discussed in *Cruz* ought to be considered a separate element of damages that is not affected by *Murray* or *Michel*. *See Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991) (absent superseding decision of Supreme Court or en banc court, one panel cannot overrule a decision of another panel).

### B. PUNITIVE DAMAGES

Under pre-*Miles* Fifth Circuit precedent, punitive damages were recoverable in actions under general maritime law involving "willful and wanton misconduct, reflecting a reckless disregard for the safety of the crew." *The Complaint of Merry Shipping, Inc.*, 650 F. 2d 622, 626 (5th Cir. 1981). *Merry Shipping* was a death action in which the plaintiff asserted unseaworthiness and Jones Act claims.

After the Supreme Court decided *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), there was a conflict among the district courts as to whether *Merry Shipping* remained good law. In *Logue v. Tidewater, Inc.*, No. 91-1109, 1992 U.S. Dist. LEXIS 3416 (E.D. La. Mar. 17, 1992); and *Davis v. Penrod Drilling Corp.*, No. 91-1458, 1991 U.S. Dist. LEXIS 17635 (E.D. La. Dec. 2, 1991), the courts ruled that punitive damages were still recoverable under general maritime law because *Merry Shipping* had not been overruled. Other courts disagreed.

In *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995) (en banc), the Fifth Circuit observed:

> "After *Miles*, it is clear that *Merry Shipping* has been effectively overruled. Its holding -- that punitive damages are available in a wrongful death action brought by the representative of a seaman under the unseaworthiness doctrine of the general maritime law -- is no longer good law in light of the Miles uniformity principle because, in the factual scenario of *Merry Shipping*, the Jones Act damages limitations control."

*Id.* at 1507.

However, as the *Guevara* court also noted, "the Jones Act pecuniary limitation discussed in *Miles*—a limitation stemming from FELA limitations on wrongful death claims—is arguably not applicable to non-fatal personal injury claims under the Jones Act." *Id.* at 1506 n.9. Furthermore, *Guevara* did not involve a Jones Act seaman's claim for punitive damages based on unseaworthiness, thus rendering its observation about *Merry Shipping* has been "effectively overruled" dicta, at least as far as Clark's case is concerned. Consequently, at least in the context of a seaman who did not die of his injuries, *Merry Shipping* has not been overruled.

Plaintiffs would also point out that because plaintiffs brought their claims under Rule 9(h), there will be no jury, so there is no possibility that the fact-finder might be confused or prejudiced by the admission of evidence in the event the Fifth Circuit were to determine that punitive damages are not available in a case such as this. Furthermore, evidence related to a punitive damages claim—which essentially turns on the extent of the Defendant's knowledge and corporate "state of mind" at the time it acted—is also relevant to Plaintiffs' Jones Act and unseaworthiness claims, so the addition of a punitive damages claim is not likely to complicate the trial of this case to any significant extent.

Since Defendant will almost certainly appeal any award favorable to the Plaintiffs in this case (whether for punitive or compensatory damages), allowing Plaintiffs the opportunity to try to prove their claim is unlikely to significantly affect the cost or complexity of trying this case, and if the Defendant ultimately prove correct, all that will happen is that the Fifth Circuit will

strike the punitive damages award (assuming the Plaintiffs are able to persuade the court that such an award is appropriate in the first place). On the other hand, if the Court strikes the Plaintiffs' punitive damages claim and the Plaintiffs prevail on appeal, at least a partial new trial will be required. Consequently, judicial economy would be best served by allowing the Plaintiffs the opportunity to prove their punitive damages claim.

### C. ATTORNEYS FEES

Plaintiffs will agree to amend their petition to delete their claim for attorney's fees.

### IV. CONCLUSION AND PRAYER

For the reasons set out above, Plaintiffs request that Defendant's Motions to Dismiss be denied, and that Plaintiffs be afforded all such other and further relief to which they may be justly entitled.

---
Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77701
(409) 835-6000 phone
(409) 838-8888 fax

By: _____
    J. Keith Hyde
    State Bar No. 10370250
    Zona Jones
    State Bar No. 10887600

&

Ernest Cannon
State Bar No. 03746000
505 N. Graham
Stephenville, Texas 76401
(254) 918-1006 phone
(254) 918-2005 fax

ATTORNEYS FOR PLAINTIFFS

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77701
(409) 835-6000 phone
(409) 838-8888 fax

By: _____
    J. Keith Hyde
    State Bar No. 10370250
    Zona Jones
    State Bar No. 10887600

&

Ernest Cannon
State Bar No. 03746000
505 N. Graham
Stephenville, Texas 76401
(254) 918-1006 phone
(254) 918-2005 fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via CM/ECF for the Eastern District of Texas on this the 20th day of August, 2007.

_____
ZONA JONES

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUBREY CLARK AND WIFE, KELLY CLARK | § § § | CIVIL ACTION NO. 2:07-cv-191 (Judge John T. Ward) |
| VS. | § § § | |
| KELLOGG BROWN & ROOT, LLC, BROWN & ROOT, INC n/k/a KELLOGG BROWN & ROOT, LLC, KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. and HALLIBURTON COMPANY | § § § § § § § | Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure - ADMIRALTY |

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

On this _____ day of _____, 2007, came on to be considered the Defendants' Motion to Dismiss Claims of Plaintiff Kelly Clark and Motion to Dismiss All Claims for Punitive Damages and Attorney's Fees, and the Court, having considered such motions, responses and arguments of counsel, finds that Defendants' Motion to Dismiss Claims of Plaintiff Kelly Clark and Motion to Dismiss Claims for Punitive Damages and Attorney's Fees are DENIED. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss Claims of Plaintiff Kelly Clark and Motion to Dismiss All Claims for Punitive Damages and Attorney's Fees are hereby DENIED.

SIGNED this _____ day of _____, 2007.

_____
JUDGE PRESIDING