IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUBREY CLARK AND WIFE, KELLY CLARK | § CIVIL ACTION NO. 2:07-cv-191 <br> § (Judge John T. Ward) <br> § |
| VS. | § <br> § |
| KELLOGG BROWN & ROOT, LLC, BROWN & ROOT, INC n/k/a KELLOGG BROWN & ROOT, LLC, KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. and HALLIBURTON COMPANY | § <br> § <br> § <br> § Pursuant to Rule 9(h) of <br> § the Federal Rules of <br> § Civil Procedure - ADMIRALTY |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW, AUBREY CLARK and wife, KELLY CLARK, Plaintiffs, and file this response in opposition to the Motion to Transfer Venue filed by Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; and KBR, INC. d/b/a KELLOGG BROWN & ROOT (KBR), INC. (collectively referred to herein as KBR or Defendant), and would respectfully show the following:

**I. INTRODUCTION**

As set out in Plaintiffs' Complaint, Plaintiffs brought this suit under the Jones Act[1] and general maritime law alleging that Aubrey Clark was exposed to benzene while working on

---

[1] Although Plaintiff is suing under the Jones Act, he is not asserting federal question jurisdiction as the basis for subject matter jurisdiction in this Court. Rather, he is invoking this Court's admiralty jurisdiction, under FED. R. CIV. P. 9(h). Therefore, the venue provisions for Jones Act cases do not apply. *See Richoux v. R & G Shrimp Co.*, 126 F. Supp. 2d 1007, 1009 n.1 (S.D. Tex. 2000) ("The venue provisions of the Jones Act . . . do not apply to cases brought on the admiralty side of federal court."). In an admiralty case, venue is proper in any court with personal jurisdiction over the defendant. *See In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981) ("The general admiralty practice prevails, in which venue and personal jurisdiction merge."); *Richoux*, 126 F. Supp. 2d at 1009 ("For claims in admiralty, venue lies wherever a district court has jurisdiction over the defendant").

Defendant's barges in the Gulf of Mexico from 1971 through 1977, and as a result he developed a form of cancer known as Acute Myelogenous Leukemia (AML), with which he was diagnosed in April of 2006. (Plaintiffs' Original Complaint; *see also* Exh. 1, Deposition Aubrey Clark at 18-33; Exh. 2, Deposition of George McGinnis at 42-49)

The Plaintiffs live in Grapeland, Texas, which is within the Eastern District. While working for Defendant, Mr. Clark worked on seagoing barges building platforms in the Gulf of Mexico. (Exh. 1 at 14, 18-33; Exh. 2 at 42-49) The places where he would ship out of to get to barges included ports all along the Texas and Louisiana Gulf Coast, including Orange, Texas. (Exh. 1 at 20; Exh. 2 at 66-68)

## II. APPLICABLE LAW

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The Fifth Circuit has observed: "The determination of whether the circumstances warrant transfer of venue is 'peculiarly one for the exercise of judgment by those in daily proximity to the delicate problems of trial litigation.'" *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966), *quoting Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679, 680 (2d Cir. 1959).

In determining whether to grant a transfer of venue under § 1404(a), the Court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 15 Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3847 at 370 (1986).

The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id.*

The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.* The private factors are the following:[2] (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-TEL Communs., Inc. v. SBC Communs., Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)); see also *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed v.*

---

[2] Defendants also cite "location of counsel" as a factor to be considered in the transfer of venue analysis. Although the "location of counsel" is sometimes included among the private interest factors, the Fifth Circuit has determined that the location of counsel is of no consequence in determining whether to transfer venue. "The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434; *see also In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (finding reversible error where the district court considered the location of the parties' counsel in deciding a motion to transfer).

*Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). There is a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *Id.* "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

### A. PRIVATE FACTORS

#### 1. Plaintiffs' choice of forum.

"To begin, the plaintiff is generally entitled to choose the forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989). The plaintiff's choice of forum is ordinarily given great deference unless the facts of the case clearly militate for trial in an alternative forum. *Emrick v. Calcasieu Kennel Club, Inc.*, 800 F. Supp. 482 (E.D. Tex. 1992). It has been variously said that the plaintiff's choice of forum is "highly esteemed," that it is the paramount or primary consideration, that it is entitled to "great weight," or "substantial weight," and that the plaintiff's choice should "rarely be disturbed." *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3848 at 376-77 (1986). "It is well recognized that the plaintiff's choice of forum is the primary factor to be considered in determining motions under § 1404(a)." *Box v. Ameritrust Texas, N.A.*, 810 F. Supp. 776, 781 (E.D. Tex. 1992); *see also, Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508 (1947) (unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed); *Van Dusen v. Barrack*, 376 U.S. 612 (1964) (specific hardship greater than mere inconvenience must be present to disturb plaintiff's choice of forum); *Menendez Rodriguez v. Pan American Life Insurance Co.*, 311 F.2d 429, 434 (5th Cir.1962), *vacated on other grounds*, 376 U.S. 779 (1964) (plaintiff's privilege to choose, or not to be ousted from his chosen forum is "highly esteemed").

The Plaintiffs, who are residents of the Eastern District of Texas, have elected to file their claim in this court, and that fact weighs heavily against transfer.

### 2. Convenience of the parties and material witnesses.

In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses. *See Shoemake*, 233 F. Supp. 2d at 832; *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 687(S.D. Tex. 2002); *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 668; *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1396-97 (S.D. Tex. 1992). It is well established under federal jurisprudence that the party seeking transfer must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover. *Fletcher v. Southern Pacific Transportation Co.*, 648 F. Supp 1400, 1402 (E.D. Tex. 1986). If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied. 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3851 (1986). The movant must make a specific showing that the witnesses are necessary and what their testimony will be to justify a transfer on the basis of the convenience of non-party witnesses. *Clark v. Moran Towing and Transp. Co., Inc.*, 738 F. Supp. 1023, 1031 (E.D. La. 1990); *United Companies Life Ins. Co. v. Butler-Phillips Mgmt. Services, Inc.*, 741 F. Supp. 1244, 1246 (M.D. La. 1990). Bald assertions alone do not satisfy the movant's burden. *Clark*, 738 F. Supp. at 1031; *see also TIG Ins. Co. v. NAFCO Ins. Co.*, 177 F. Supp. 2d 561, 569 (N.D. Tex. 2001) (noting that a brief phrase summarizing likely testimony is inadequate); *S & J Diving Inc. v. Doo-Pie, Inc.*, CIVIL ACTION NO. H-02-0293, 2002 U.S. Dist. LEXIS 10338 at *16 (S.D. Tex. May 30, 2002) (noting that the movant must specifically identify the witnesses and outline their testimony); cf. *Nations Ag II v. Hide Co. LLC*, Civil Action No. 3:04-CV-0511-K,

2004 U.S. Dist. LEXIS 12205 at *16 (N.D. Tex. June 30, 2004) (denying transfer because movant provided only testimony that witnesses outside of the forum were necessary to the case, but did not provide evidence as to how or why they were relevant); *see also Antley v. Aries Marine Corp.*, Civil Action No. 00-3143 Section: "R" (5), 2001 U.S. Dist. LEXIS 124 at *4 (E.D. La. Jan. 2, 2001) (declining to transfer the action in part because there was no evidence that the witnesses the movant identified would be required). Judge Kent recently observed that stating that list of distances potential witnesses lived from courthouse without outlining their testimony "is not determinative and almost meaningless without such an outline." *Fisher v. Nabors Drilling USA, Inc.*, Civil Action No. G-06-147, 2006 U.S. Dist. LEXIS 76903 at *5 (S.D. Tex. Oct. 5, 2006). Defendant has provided nothing more than a list of list of distances potential witnesses lived from courthouse.[3] Consequently, Defendant failed to carry its burden on this point.

Moreover, it is the convenience of non-party witnesses, rather than of party witnesses, that is more important and is accorded greater weight in a transfer of venue analysis. *See*

---

[3] Plaintiffs would also note that for most those witnesses not living in Houston, the difference in distances between Houston and Marshall is not substantial. See, e.g., *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that a distance of 203 miles represented a "minor inconvenience"); *Prock v. Woodmont Sherman GP, L.L.C.*, Civil Action No. 2-06-CV-484 (TJW); 2007 U.S. Dist. LEXIS 26089 (E.D. Tex. April 9, 2007) (180 miles "not substantial"); *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) ("Marshall, Texas is only one hundred and fifty (150) miles from Dallas, Texas. Given the advances in transportation and communication, the distance between Marshall and Dallas is negligible."); *Corbitt v. Southern Refrigerated Transport, Inc.*, CASE NO. 2:06 CV 330, 2006 U.S. Dist. LEXIS 78761 at *7 (E.D. Tex. October 30, 2006) ("the costs of having witnesses, who will have to travel regardless of which court ultimately hears the case, at most travel ninety-two more miles is not sufficient to weigh in favor of a transfer"); *Austin v. Becton, Dickinson & Co.*, Case No. 2:06 CV 357, 2006 U.S. Dist. LEXIS 82830 at *8 (E.D. Tex. November 14, 2006) ("Defendants argue that Sherman is more convenient for defense witnesses who will be flying into Dallas. However, these witnesses will already incur flight and lodging expenses and the additional distance to Marshall is negligible."). In any event, as Judge Kent once observed, "It is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992).

*Spiegelberg*, 402 F. Supp. 2d at 790-91; *Shoemake*, 233 F. Supp. 2d at 832 (citing *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994)); *LeDoux*, 218 F. Supp. 2d at 837; *Mohamed*, 90 F. Supp. 2d at 775. Where the key witnesses are employees of the party seeking a transfer, their convenience is entitled to less weight because the party is able to compel their attendance. *See Z-TEL Communs., Inc. v. SBC Communs., Inc.*, 331 F. Supp. 2d 567, 573 (E.D. Tex. 2004); *Continental Airlines, Inc.*, 805 F. Supp. at 1397. The convenience of key witnesses who are employees of a defendant is "entitled to less weight because that party will be able to compel their testimony at trial. *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 674 n.1 (S.D. Tex. 2001). The convenience of a defendant's employees is of little importance in a venue analysis because the defendant may compel their attendance. *See Continental Airlines*, 805 F. Supp. at 1397 (The convenience of employees of Defendants "is entitled to less weight because [Defendants] will be able to compel their testimony at trial."); *see also Walter Oil & Gas Corp. v. Teekay Shipping*, 270 F. Supp. 2d 855, 861 (S.D. Tex. 2003) ("[T]he Court finds that these witnesses' convenience is entitled to little consideration because they are [the defendant's] employees."); *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 674 (S.D. Tex. 2003) ("The Court would normally discount the inconvenience of Defendant's employees who witnessed the accident since their testimony can be compelled."); *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 731 (S.D. Tex. 2002) ("[T]hese witnesses are entitled to less deference since most are [the defendant's] employees."). Hence, it is "the location of key, non-party witnesses that dominates." *Mohamed*, 90 F. Supp. 2d at 775.

The only potential witness Defendant actually identified who is not a party, a party's corporate representative, or an expert retained by a party is one of Mr. Clark's treating physician, and there is nothing indicating why this witness's testimony would be necessary at trial. In fact,

Mr. Clarks' treating physician at M.D. Anderson has already bee deposed, as have most of the witnesses. Toxic tort cases are frequently tried without any treating physician actually appearing at trial. Defendant has not shown that the use of videotaped depositions would be inadequate, which renders this factor even less significant. *See, e.g., Breeden v. Tricom Bus. Sys.*, 244 F. Supp. 2d 5, 10 (N.D.N.Y. 2003); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985); *Micheel v. Haralson*, 586 F. Supp. 169, 173 (E.D. Pa. 1983).

Defendant also suggests that there are some unidentified "co-workers of Aubrey Clark and other fact witnesses that may testify at trial" in the Houston area. However, it is not enough to suggest that some unidentified witness might find the forum inconvenient. "At an absolute minimum, a Defendant must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in [the plaintiff's chosen forum]." *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 668 (S.D. Tex. 2002). Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial. *Id.* The Court "cannot... justify a venue transfer on the mere basis of hypothetical witnesses and unsubstantiated conjectures." *Id.* at 669. Unidentified possible witnesses add nothing to the equation.

### 3. Place of the alleged wrong

The place of the alleged wrong is the Gulf of Mexico, and Plaintiff shipped out from ports in the Eastern and Southern Districts of Texas as well as Louisiana. Consequently, this factor is neutral and does not favor transfer.

4. **Cost of obtaining the attendance of witnesses and the availability of the compulsory process.**

The cost of obtaining the attendance of willing witnesses is the other component of the "convenience of the witnesses." This factor appears to be significantly less important than the availability of compulsory process to compel the attendance of unwilling witnesses. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851 (1986) (explaining that courts speaking of the "convenience of the witnesses" frequently indicate that they are actually considering not so much the convenience of the witnesses but the possibility of having their live testimony at trial). While the costs of obtaining the attendance of witnesses and other trial expenses is a factor in the transfer analysis, it is not a substantial factor. *Thomas v. S.H.R.M. Catering Servs.*, 2007 U.S. Dist. LEXIS 14059 (S.D. Tex. 27, 2007). Defendants have identified no witnesses whose attendance at trial, if necessary, could not reasonably be secured. Furthermore, even if the production of certain witnesses would be less costly in Houston than in this Court, that factor should still be discounted due the ample financial resources of the Defendants. *See Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 932 (W.D. Mo. 1985); *Neff Athletic Lettering Co. v. Walters*, 524 F. Supp. 268, 274 (S.D. Ohio 1981).

There is no indication that any witness would be would not voluntarily appear at trial in Marshall, if necessary, nor has Defendant identified any witness who would not be subject to this Court's subpoena power, and a mere assumption that a witness would not voluntarily appear absent the availability of judicial process to compel the attendance of the witness is not sufficient. *See Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923931 (W.D. Mo. 1985). Consequently, no issue has been presented regarding the availability of compulsory process.

Furthermore, the fact that almost all the witnesses actually identified in Defendant's motion are parties, employees of parties, or experts retained by parties renders this factor even

9

less significant. It is well established that transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party. 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3851 at 421-23 (1986).

The fact that all of the potential witnesses identified in Defendant's motion live in Texas provides yet another reason to discount this factor. "A court may compel any witness residing in the state in which the court sits to attend trial, subject to reasonable compensation if the witness incurs substantial expense. *See* FED. R. CIV. P. 45(c)(3). Under this rule, this Court's subpoena power extends to all of the witnesses listed by the Defendant because they all reside in the State of Texas." *Singleton v. Volkswagen of Am., Inc.*, No. 2-06-CV-222, 2006 U.S. Dist. LEXIS 65006 (E.D. Tex. Sept. 12, 2006).

Finally, even if there were witnesses whose attendance could not be secured in this Court, Defendants have not shown that the use of videotaped depositions would be inadequate, which renders this factor even less significant. *See, e.g., Breeden v. Tricom Bus. Sys.*, 244 F. Supp. 2d 5, 10 (N.D.N.Y. 2003); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985); *Micheel v. Haralson*, 586 F. Supp. 169, 173 (E.D. Pa. 1983)

### 5. Accessibility and location of sources of proof.

Typically, the accessibility and location of sources of proof should weigh only slightly in the Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 777 (E.D. Tex. 2000). "[A]lthough the accessibility and location of sources of proof remain considerations in this Court's transfer analysis, they are of only slight significance due to the increasing ease of communication and transportation and this Court's mandatory disclosure obligations under Local Rule CV-26." *Id.* The only documents

Defendant mentioned in its motion are Mr. Clark's medical records and, as a practical matter, it makes no difference where those documents are located.

The location of books and records is not of paramount importance in a personal injury action. *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 675 (S.D. Tex. 2001); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1993) (observing that in a personal injury case "it is unlikely that all... relevant documents will be needed for trial, and... documents can be produced and examined anywhere for discovery purposes."). Furthermore, as with witnesses, general allegations that a transfer is needed because of the location of books and records is not enough. The moving party must show the location, difficulty of transportation, and importance of the books and records. *J.I. Kislak Mortgage Corporation v. Connecticut Bank and Trust Co., N.A.*, 604 F. Supp. 346, 348 (S.D. Fla. 1985); *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 264 (W.D. Mo. 1980). Defendant has made no such showing. Consequently, this factor does not favor transfer.

### 6. Possibility of delay and prejudice if transfer is granted.

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 834 (E.D. Tex. 2002) (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). Plaintiffs are unaware of any such rare or special circumstances in this case.

### B. PUBLIC FACTORS

### 1. The administrative difficulties flowing from court congestion.

The relative docket congestion of different districts is a factor to be considered. *Parsons v. Chesapeake & Ohio Railroad*, 375 U.S. 71, 73 (1963) (a trial judge weighing the interests of justice could legitimately consider the condition of his court's docket an important factor);

Koehring, *Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir.1963); see *generally*, 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3854 (1986).

According to the Administrative Office of U.S. Courts, the total weighted case filings per judge for the Eastern District of Texas and the Southern District of Texas are about the same. *See 2007 Judicial Business of the United States Courts*, page 381 at Table X-1A (listing total weighted filings per judge of 528 in the Eastern District and 543 in the Southern District). However, another consideration relevant to this factor is the Court's criminal docket. As the Court is no doubt aware, criminal matters must be given priority over civil matters in federal court, and routine hearings in civil cases often must be delayed or interrupted in order to deal with criminal matters. The number of criminal filings per judge is considerably higher in the Southern District of Texas, *see id.*, which means routine proceedings would more likely be interrupted in a Houston court. Consequently, to the extent this factor is relevant, it would weigh slightly against transfer.

### 2. The local interest in adjudicating local disputes.

The Plaintiffs are residents of the Eastern District of Texas, and Mr. Clark often shipped out of Orange, Texas, which is in the Eastern District. On the other hand, the Defendant is located in the Southern District and Mr. Clark often shipped out of ports in the Southern District. Consequently, this factor is neutral and therefore does not favor transfer.

### 3. Unfairness of burdening citizens in an unrelated forum with jury duty.

Because Plaintiffs filed this case in admiralty under Rule 9(h), there is no right to a jury trial and the case will be tried to the court. *See, e.g., T.N.T. Marine Service, Inc. v Weaver Shipyards & Dry Docks, Inc.* 702 F2d 585 (5th Cir. 1983); *Romero v Bethlehem Steel Corp.* 515 F2d 1249 (5th Cir. 1975). Because no citizens will be burdened with jury duty regardless of where this case is tried, this factor does not favor transfer.

4. **Avoidance of unnecessary conflict of law problems involving foreign law's application.**

"There is no conflict of law problem presented, as both of the courts at issue are located in the same state and are governed by the same law. Moreover, there is no difference between the Eastern District's and Southern District's familiarity with the law that governs the case, as Plaintiffs' claims arise under federal admiralty law." *Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 800 (E.D. Tex. 2006). This factor does not favor transfer.

### III. CONCLUSION AND PRAYER

In seeking a transfer of venue under § 1404(a), the burden of proof is on the movant. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). Defendant has not met their burden. When Plaintiffs' privilege of choosing their forum is factored in, and Defendant's unsupported allegations are factored out, there is nothing left of Defendant's motion. Defendant' has not shown that Houston is a significantly more convenient forum and its motion should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that Defendant's Motion to Transfer Venue be denied, and that Plaintiffs be afforded all such other and further relief to which they may be justly entitled.

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77701
(409) 835-6000 phone
(409) 838-8888 fax



By: _____
J. Keith Hyde
State Bar No. 10370250
Zona Jones
State Bar No. 10887600

&

Ernest Cannon
State Bar No. 03746000
505 N. Graham
Stephenville, Texas 76401
(254) 918-1006 phone
(254) 918-2005 fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via CM/ECF for the Eastern District of Texas on this the 20th day of August, 2007.

_____
ZONA JONES

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUBREY CLARK AND WIFE,<br>KELLY CLARK<br><br>VS.<br><br>KELLOGG BROWN & ROOT, LLC,<br>BROWN & ROOT, INC n/k/a KELLOGG<br>BROWN & ROOT, LLC, KBR, INC.<br>d/b/a KELLOGG BROWN & ROOT<br>(KBR), INC. and HALLIBURTON<br>COMPANY | § CIVIL ACTION NO. 2:07-cv-191<br>§ (Judge John T. Ward)<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Pursuant to Rule 9(h) of<br>§ the Federal Rules of<br>§ Civil Procedure - ADMIRALTY |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

On this _____ day of _____, 2007, came on to be heard, the Motion to Transfer Venue filed by Defendants Kellogg Brown & Root, LLC, Brown & Root, Inc. n/k/a Kellogg Brown & Root, LLC; KBR, Inc. d/b/a Kellogg Brown & Root, Inc., and the Court, having considered the same and heard the arguments of counsel, is of the opinion that the same should be DENIED. It is therefore,

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Transfer Venue is in all things DENIED.

Signed this _____ day of _____, 2007.

_____
JUDGE PRRESIDING