IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUBREY CLARK AND WIFE, § | | |
| KELLY CLARK § | | |
| *Plaintiffs* § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 2:07-CV-191 | |
| § | (Judge T. John Ward) | |
| KELLOGG BROWN & ROOT, LLC, et al § | (Judge C. Everingham) | |
| *Defendants* § | | |
| § | | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED TRIAL

Come Now, Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; KBR, INC. d/b/a KELLOGG BROWN & ROOT, INC and file this Response to Plaintiffs' Motion for Expedited Trial. In support thereof, Defendants would respectfully show the Court as follows:

### I. Introduction

On August 29, 2007, Plaintiffs filed a Motion for Expedited Trial stating that this case is ready for trial and requesting that this matter be given an expedited trial setting. Counsel for Plaintiffs contacted defense counsel to discuss the status of this case and counsel for Defendants did not agree to an expedited setting. While Defendants conceded that the case was reached for trial in a Texas state court last May, Defendants discussed additional discovery that should be completed for this new and different cause of action.[1] Due to the vague nature of Plaintiffs' request and, upon further reflection, Defendants object to Plaintiffs' general request for an expedited trial setting for several reasons. First, Plaintiffs' failure to state a specified a date for trial precludes Defendants

---

[1] Plaintiffs' prior lawsuit brought claims under both federal law and Texas state law, whereas, Plaintiffs have pleaded this suit under this Court's admiralty jurisdiction.

from agreeing with Plaintiffs' request. As this motion will show, Defendants never conceded that the case was ready for trial at the Texas state court level and Defendants consistently filed motions arguing that the case should be continued in order to properly prepare the case for trial. In spite of Defendants' objections, the state court called the case for trial. Second, a significant amount of discovery remains to be done and an "expedited" trial setting will result in prejudice to Defendants.

## II. Objection to Expedited Trial Setting

Defendants object to Plaintiffs' request for an expedited trial setting because it is vague and does not request a trial setting for a specific date or range of dates. Defendants cannot determine what additional discovery or motion practice can be reasonably completed with an unknown requested trial date. Defendants submit that this case could be ready for trial and that the outstanding discovery (including depositions and motion practice) could be completed with an April 2008 trial setting and a corresponding scheduling order.

In order to better understand the basis for Defendants' objection to an expedited trial setting, some background information about the state court case is helpful. Defendants object to the impression given by the Plaintiffs that the case was "ready for trial." While Plaintiffs assert that this case is "ready for trial" simply because trial started in the case, Defendants disagree. Plaintiffs originally filed their claims in Matagorda County in spite of the fact that there was virtually no factual support for bringing their claims there. Defendants filed a motion to transfer which was later denied by the Honorable Judge Ben Hardin the day before trial. In spite of the lack of evidence to support venue, the state court set the case for trial a mere seven months after Defendants

2

filed their Original Answer subject to their Motion to Transfer. Defendants objected to the initial scheduling order and trial setting but the state trial court refused to give Defendants any additional time or make a ruling on Defendants' motion to transfer. Consequently, this case involving claims for damages well in excess of one million dollars was set for trial within nine months of being filed in a disputed forum. During the two weeks before trial, the parties took more than ten depositions in an effort to comply with the "expedited" scheduling order. Judge Hardin never held a pre-trial conference to address outstanding substantive motions or the admissibility of documents and testimony. Defendants never agreed to the scheduling order or that they had adequate time for discovery. In spite of Defendants' effort to move the venue of the case to a proper forum, trial began but Plaintiffs mysteriously dismissed their State Court claims and re-filed the case in this Court. Defendants continue to assert that the case was not ready for trial in state court and it is not ready for trial in this Court.

Since this case was filed in May and Defendants made their formal appearance in August, a Rule 16 Pretrial Conference has not been held in this case. A Pretrial Conference would allow both sides to present their relative positions on the issue of trial readiness and allow the Court to determine and clarify Plaintiffs' Motion for Expedited Trial. Defendants request a Pretrial Conference to fully explore these issues with the Court and to discuss the possibility of an April 2008 trial setting.

### III. Remaining Discovery

There is still a significant amount of discovery remaining including depositions, discovery and motion practice. As ordered by this Court, Defendants provide the following information regarding discovery that has yet to be completed in this case:

**A. Depositions**

There are several depositions that have not yet been taken in this case. These depositions include party witnesses, fact witnesses and one consulting expert. First, Defendants believe that they should be allowed to resume the deposition of Plaintiff Aubrey Clark. Mr. Clark's deposition in the prior proceeding was taken immediately after he had finished chemotherapy treatment and he was in poor health. Since that time, new facts have emerged regarding the nature of Mr. Clark's allegations of exposure. Mr. Clark's medical condition has also improved since his initial deposition and Defendants are entitled to additional discovery on his health status and other potential damages issues. Second, Mr. Clark's wife, Kelly, is also a party to this case and she has not been deposed. Mr. Clark's adult children and two dependents have been identified in discovery but their depositions have not been taken. Third, there are several fact witnesses that have been identified by both sides who have not been deposed.

Both parties have identified witnesses who have not been deposed. The following fact witnesses were identified by Plaintiffs in discovery but have not yet been deposed:

1. Ricky Lambert
   2106 W. Commerce St.
   San Saba, Texas

2. Monty Allen Clark
   Marshall, Texas
   28 year old son of Aubrey Clark

3. Audrey Dean Clark
   Palestine, Texas
   26 year old son of Aubrey Clark

4. Vaughn Aubrey Clark
   Grapeland, Texas
   20 year old son of Aubrey Clark

4

5. Scotty Allen Prater
   Grapeland, Texas
   Dependent 15 year old son of Kelly Clark

6. Steven Ray Prater
   Grapeland, Texas
   13 year old son of Kelly Clark

In response to discovery in the state court case, Defendants identified ten witnesses that were not and have not yet been deposed. Since Plaintiffs' dismissed their state court case, Defendants have located an additional twenty to thirty former employees who have knowledge of Mr. Clark's work and these witnesses may also be candidates for deposition. Further, since the original venue in this case has changed from Bay City, Texas, to Marshall, Texas, it is possible, if not probable, that Defendants will need to preserve the testimony of certain witnesses by deposition. It is difficult for Defendants to determine whether they will need to preserve the testimony of any fact witness who may be unavailable in Marshall without knowing the date of trial. These witnesses were contacted after the state court trial setting. A trial setting in this case should be deferred until both sides can determine which of these remaining witnesses must be deposed.

**B. Discovery**

In addition to depositions, there is additional discovery that needs to be performed by Defendants to properly prepare this case for trial. Defendants are entitled to additional paper discovery regarding the full measure of Plaintiffs' alleged economic and medical damage claims. Several months have elapsed since the date of the state court trial setting and Plaintiffs' condition may have changed. Defendants are also entitled to locate additional documents from Plaintiffs' medical providers.

This case involves complex issues of maritime and admiralty law. Defendants are entitled to full discovery on the substantive issues surrounding all of Plaintiffs' claims against them. Plaintiffs are seeking damages on specific maritime issues such as maintenance and cure, seaworthiness as well as punitive damages. Defendants request additional time to discover these issues that were not fully explored in the State Court case.

**C. Expert Witnesses**

One of Defendants' major complaints with the state court's docket control order involved the court's compressed expert discovery deadlines. The state court docket control order did not require the parties to obtain written expert reports. It also did not require the parties to disclose documents that experts relied upon prior to the depositions. Further, the state court docket control order deferred the designation of experts until only three months before trial. In order to comply with the onerous requirements of that scheduling order, both sides presented several experts for depositions weeks before the trial setting. Because of these time constraints, neither party's experts had time to review their deposition transcripts. More importantly, the experts generally did not have time to review any of the other expert deposition transcripts in order to obtain additional information about the scope of their opinions in this case. Defendants request a more enlightened and practical approach to expert discovery in this case. This would include sufficient time between designation of experts and depositions, written reports, and full access to all information relied upon by experts including consulting experts at least a few weeks in advance of any expert depositions.

Finally, it has come to Defendants' attention that one of Plaintiffs' consulting experts, Mr. John Martonik, has passed away. Mr. Martonik prepared a written report that was relied upon by several of Plaintiffs' experts. Mr. Martonik was never deposed in this case. Additional time is needed in order to fully discover all of the expert opinions in this case and any trial setting will need to factor in sufficient time to address these outstanding expert issues.

**D. Daubert Motions**

Since the expert reports in this case are incomplete, the parties need additional time to address any *Daubert* issues in this case.[2] It should also be noted that the state trial court did not conduct any *Daubert/Havner* hearings in this case. These expert and factual motions will require some time to prepare and respond to as well as some coordination with the Court for hearings. Typically, these motions take place a few weeks before the trial setting and require the expert witnesses to attend. Without knowing the proposed trial date, it is difficult for Defendants to determine how to proceed with completing and scheduling these critical motions.

## V. Conclusion

Even though this case was reached for trial in May 2007, Defendants urge this Court to deny Plaintiffs' request for an expedited trial setting. Defendants request that the Court schedule a Rule 16 Pretrial Conference so that these issues can be discussed and a reasonable trial schedule can be determined. In the alternative, Defendants request that the Court delay scheduling this case for trial until the above discovery can be completed.

---

[2] ***Daubert v. Merrell Dow Pharms, Inc.***, 509 U.S. 579 (1993).

Respectfully submitted,

By: _____/s/_____
M.C. Carrington
Attorney in Charge
Texas State Bar No. 03880800
James G. Martingano
Texas State Bar No. 00791194
**MEHAFFYWEBER, PC**
One Allen Center
500 Dallas, Suite 1200
Houston, Texas  77002
Phone – 713-655-1200
Fax – 713-655-0222
mccarrington@mehaffyweber.com
jamesmartingano@mehaffyweber.com

Defendants KELLOGG BROWN & ROOT, LLC; BROWN & ROOT, INC. n/k/a KELLOGG BROWN & ROOT, LLC; KBR, INC. d/b/a KELLOGG BROWN & ROOT, INC

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Response was served via CM/ECF for the Eastern District of Texas, this 7th day of September, 2007.

_____/s/_____
James G. Martingano

8